UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEGREE MECHANICAL, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>J.C. WELDING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-05133-EJD<br><br>**ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 13, 16 |

Plaintiffs Degree Mechanical, Inc. and Degree Mechanical, LLC (collectively "Degree") filed suit for claims under the Defend Trade Secrets Act ("DTSA") and several state-law claims on August 18, 2019. Degree is a designer and manufacturer of industrial refrigeration units. Defendants subcontracted with Degree to provide welding services to assist with the construction of industrial refrigeration units. On August 26, 2019, Degree filed a notice of ex parte motion for a temporary restraining order (a "TRO") with no supporting documentation (the "Notice"). Dkt. No. 13. Two days later—on August 28, 2019—Degree filed an ex parte application for a TRO (the "Application"). Dkt. Nos. 16, 16-1. The Notice does not comply with Federal Rule of Civil Procedure 65(b) and Civil Local Rule 65-1, and the Application mooted it. The Notice is therefore denied. Having considered the Application and the attached Cowan Declaration and Hernandez Declaration, the court also denies the Application.

As an initial matter, the court notes that the Application does not comply with Federal Rule of Civil Procedure 65(b) and Civil Local Rule 65-1. Defendants have not yet been served or appeared in this matter, so they do not receive notice of docket filings through the ECF system.

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER

1

Thus, they have not received notice of the Application. Degree, though, has not satisfied the requirements for obtaining a TRO without notice laid out in Federal Rule 65(b)(1). Degree's failure to provide notice also violates Civil Local Rule 65-1(b). Additionally, Degree did not attach a proposed order in violation of Civil Local Rule 65-1(a). These deficiencies warrant denial of the Application without consideration of the merits. Nonetheless, the court addresses the merits of the Application below.

The Application is based on Defendants' alleged misappropriation of Degree's trade secrets. The purported facts supporting trade secret misappropriation are as follows: Defendants have, in the past, requested access to Degree's proprietary measurements, designs, and specifications of its products. Cowan Decl. ¶¶ 16, 23. Degree refused those requests because it recognizes and treats such information as trade secrets. *Id.* While visiting Defendants' facility in either late 2018 or early 2019, Degree's president observed that Defendants had "copied" the designs of a refrigerant pressure vessel from a third party. *Id.* ¶ 21. But Degree provides no evidence indicating that this "copying" was inappropriate or unlawful. In June 2019, Degree's President visited a third-party customer in Mexico. *Id.* ¶ 26. There, he saw Degree's "stolen, proprietary, specially designed sanitary equipment repositories." *Id.* He "learned" that the equipment had been stolen by Defendants. *Id.* Degree does not explain how he learned that these repositories had been stolen or that Defendants were responsible for the theft. *Id.* At some unspecified point in time Defendants took photos of Degree's already-sold products and posted those photos to its website as examples of Defendants' own work. *Id.* ¶ 28. At another unspecified time, Defendants represented to an unnamed third party that they would obtain access to a design and would be able provide the third party with "a piece of equipment," presumably based on that design. *Id.* ¶ 35. Then on August 16, 2019, Defendants stole two of Degree's chillers—one completed and the other only partially built. *Id.* ¶ 24. Defendants purportedly kept the chillers until returning them on August 19, 2019. *Id.* ¶¶ 24, 35. Degree believes that Defendants stole the chillers in order to reverse engineer them. *Id.* ¶ 24. Finally, on August 19,

2019, an employee of Degree saw Defendants slowly driving past Degree's property. *Id.* ¶ 48; Hernandez Decl. ¶¶ 3-4. In total, Degree contends that Defendants have stolen or misappropriated the designs, measurements, specifications for the following equipment: sanitary equipment repositories, a chiller rotator, exterior temperature regulation structures, customized modular staging, and specially designed proprietary storage for parts used in conjunction with maintaining refrigeration systems involving the use of hazardous chemicals. *Id.* ¶¶ 2, 44.[1]

The requirements for a TRO are the same as the requirements for a preliminary injunction. *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (citation omitted). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit has held that courts may "balance" "the elements of the preliminary injunction test . . . so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, a court may issue a preliminary injunction where the plaintiff raises "serious questions going to the merits and the balance of hardships tilts sharply" in the plaintiff's favor, assuming the other two elements have been met. *Id.* at 1131-32.

First, Degree does not clearly show that it is likely to succeed on the merits of its DTSA claim. The elements of trade secret misappropriation under DTSA are (1) the plaintiff possessed a trade secret, (2) the defendant misappropriated the trade secret, and (3) the defendant's conduct damaged the plaintiff. *CleanFish, LLC v. Sims*, 2019 WL 2716293, at *3 (N.D. Cal. June 28, 2019) (citation and quotation omitted). "'Misappropriation' is the acquisition of a trade secret by

---

[1] The Application includes multiple citations to paragraphs of the Cowan Declaration that that are not actually included the Cowan Declaration filed at Docket Number 16-2. *E.g.*, Application at 15:13 (citing to Cowan Decl. ¶ 58, but the last paragraph of the Cowan Declaration is ¶ 52). The court disregards any factual assertions in the Application that lack support from the attached declarations.

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER
3

a person who knows or should know the secret was acquired by improper means." *Teradata Corp. v. SAP SE*, 2018 WL 6528009, at *3 (N.D. Cal. Dec. 12, 2018) (citing 18 U.S.C. § 1839(5)). Improper means includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." 18 U.S.C.A. § 1839(6)(A).

Degree has not presented sufficient evidence to meet the second element of a DTSA claim. Degree has presented *no* evidence showing misappropriation of the alleged trade secret designs or specifications for the following products: a chiller rotator (assuming this is a different product from the supposedly stolen "chillers" referenced at paragraph 24 of the Cowan Declaration), exterior temperature regulation structures, customized modular staging, and a specially designed proprietary storage for parts used in conjunction with maintaining refrigeration systems involving the use of hazardous chemicals. *See* Cowan Decl. ¶¶ 2, 44. The Application is denied as to those products for failure to present evidence sufficient to show a likelihood of success on the merits. As for the sanitary equipment repositories, Degree presents only one paragraph of a witness declaration that summarily concludes the completed products were stolen. Cowan Decl. ¶ 26. No other evidence is presented supporting that legal conclusion or showing that any trade secrets were misappropriated. The Application is denied as to the sanitary equipment repositories for failure to present evidence sufficient to show a likelihood of success on the merits.

That leaves the purportedly stolen chillers. Degree summarizes its theory as "Defendants . . . demanded specific designs from Plaintiffs for various equipment Plaintiffs have designed and have marketed to various customers . . . . When Plaintiffs refused to provide the designs and/or measurements for items Plaintiffs have created, Defendants outright stole the equipment so that they can copy Plaintiffs' proprietary design." Application at 15. However, these facts and Degree's unsupported theory are insufficient to show that Degree is likely to succeed on the merits. Here, Degree presents evidence that Defendants took two of its chillers for a weekend without authorization. By Degree's own identification, its trade secrets are the designs,

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER

4

measurements, drawings and/or specifications of its products. Those chillers may embody the alleged trade secrets, but they are not the trade secrets. Degree asserts that Defendants have requested unspecified designs, measurements, and specifications from Degree, and that Defendants represented to a third party that they could build an unspecified piece of equipment from an unspecified design. But Degree has not shown that any of those unspecified designs are connected to the chillers. At most, the Cowan Declaration contains one paragraph stating, "Defendants have actively marketed Degree's chiller design to other vegetable processors in the industry and copied a sanitary structure design of a chiller designed by Degree." This assertion is not supported by any evidence of the purported marketing or copying. "Conclusory allegations alone are not sufficient to demonstrate a likelihood of success on the merits." *CleanFish*, 2019 WL 2716293, at *4 (citations omitted).

Thus, there is a gap in Degree's evidence: it has not shown that Defendants reverse engineered, or even attempted to reverse engineer, the trade secrets from the chillers before they were returned.[2] Rather Degree contends that Defendants have repeatedly stolen other products in order to sell them—not to misappropriate the trade secret designs of those products. Degree's evidence may raise a suspicion of trade secret misappropriation, but it does not show that Degree is likely to succeed at proving trade secret misappropriation. Cowan Decl. ¶¶ 12, 26. This case is not like *Henry Schein*, where the plaintiff presented evidence that the defendant had directly stolen the actual alleged trade secrets. 191 F. Supp. 3d at 1077.

On an ex parte application for a temporary restraining order, more is required than what Degree has presented. *See CleanFish*, 2019 WL 2716293, at *2 (N.D. Cal. June 28, 2019) (holding that a TRO "is an 'extraordinary remedy' that the court should award only upon a clear showing that the plaintiff is entitled to such relief."). Degree has neither shown that it is likely to

---

[2] While reverse engineering on its own does not constitute "improper means" under DTSA, for this application the court assumes without deciding that stealing physical property in order to reverse engineer the property's trade secret design qualifies as "improper means." 18 U.S.C. § 1839(6)(B). Degree did not brief this issue.

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER
5

succeed on the merits nor raised a serious question going to the merits of the second element of its DTSA claim. The court does not consider the other elements of misappropriation under DTSA.

Degree does not show that it will suffer irreparable harm in the absence of a TRO. Degree's argument here is largely based on factual assertions that are not supported by the attached declarations. *See* footnote 1 above; Application at 16 (citing several times to Cowan Decl. ¶¶ 60-62). But, the evidence that Degree has submitted does not support a finding of irreparable harm. The Cowan Declaration summarily asserts that Defendants have solicited Degree's customers with Degree's misappropriated trade secrets (*see* Cowan Decl. ¶¶ 22, 23, 40), but Degree has not shown that any specific customer is close to ending its business relationship with Degree on account of Defendants. And Degree certainly has not shown that any of this purported harm is so impending as to warrant an ex parte TRO. Degree fails to "'clearly show that immediate and irreparable injury, loss, or damage will result to [Degree] *before the adverse party can be heard in opposition*,' as required by the Federal Rules of Civil Procedure for ex parte issuance of a TRO." *Esquire Props. Trading, Inc. v. Starmax Enters., Inc*., 2014 WL 12479298, at *6 (C.D. Cal. Dec. 8, 2014) (citing Fed. R. Civ. Proc. 65(b)) (emphasis in original). Degree has not satisfied the irreparable harm factor.

The balance of equities does not tilt in favor of a temporary restraining order. Degree seeks a temporary restraining order requiring Defendants to return stolen property and any misappropriated trade secrets, and enjoining Defendants from soliciting work in the field of industrial refrigeration or performing work on the property of fresh vegetable processing plants. Application at 19-20. Enjoining Defendants from pursuing any such business would impose an overly harsh sanction on Defendants. In contrast, because the supposedly stolen chillers have been returned, it does not appear that Defendants currently possess any of Degree's equipment. And as discussed above, Degree has not presented adequate evidence showing that Defendants have misappropriated Degree's trade secret designs, specifications, or measurements. Thus, it is not clear that a TRO would prevent harm to Degree.

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER
6

Finally, Degree's arguments as to the public interest are insufficient. Degree first contends that the public is served by the protection of trade secrets. While that is true as a general proposition, Degree has not shown that the requested TRO would further the protection of trade secrets. Degree's second argument is that a TRO would serve the public by preventing Defendants from working with regulated chemicals without proper licensing. However, this TRO—based on violations of DTSA—is not the proper vehicle to achieve that result.

For the reasons stated above the Application is denied.

**IT IS SO ORDERED.**

Dated: August 29, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05133-EJD
ORDER DENYING EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER