UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEGREE MECHANICAL, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>J.C. WELDING, LLC, et al.,<br><br>    Defendants. | Case No. 5:19-cv-05133-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER VENUE; DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE DEPOSITION TESTIMONY**<br><br>Re: Dkt. Nos. 19, 25, 26 |

This is primarily an action for trade secret misappropriation. Plaintiffs Degree Mechanical, Inc. and Degree Mechanical, LLC (collectively "Plaintiffs") allege that Defendants J.C. Welding, LLC, Mrs. Shine, LLC, Juan Daniel Castillo, Jose Castillo, Juan Castillo, Virginia Castillo (collectively "Defendants") stole refrigerator equipment with the intent to acquire and use Degree's proprietary design and systems. Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the United States District Court for the District of Arizona for the convenience of the parties and witnesses, and in the interest of justice. For the reasons discussed below, the Court will grant in part and deny in part Defendants' motion to dismiss, and deny the motion to transfer.

I.    **BACKGROUND**[1]

Plaintiff Degree Mechanical, Inc. is a resident of California. Compl. ¶ 1. Co-plaintiff Degree Mechanical, LLC is a limited liability company formed under the laws of the State of

---

[1] The Background is a summary of the allegations in the Complaint.

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

1

Arizona. *Id*. ¶ 2. Defendant J.C. Welding, LLC ("J.C. Welding") is a limited liability company which does business in Salinas, California and Yuma, Arizona. *Id*. ¶ 4. J.C. Welding is allegedly a resident of California and Arizona. *Id*. Defendant Mrs. Shine, LLC is a limited liability company which does business in Salinas, California and Yuma, Arizona. *Id*. ¶ 5. Mrs. Shine, LLC is allegedly a resident of the States of California and Arizona. *Id*. The individual defendants are family members who own and operate J.C. Welding and Mrs. Shine, LLC and are allegedly residents of California, Arizona and/or Mexico. *Id*. ¶¶ 6-9, 18.

Plaintiffs are industrial refrigeration contractors licensed by California and Arizona. *Id*. ¶ 17. Plaintiffs are also licensed to handle chemicals involved in industrial refrigeration. *Id*. Plaintiffs have designed proprietary systems for use in industrial refrigeration, which are purchased by vendors throughout the Salinas Valley. *Id*.

Plaintiffs hired Defendants to perform welding and fabrication work for multiple customers. *Id*. ¶¶ 19, 22. After working together for a couple of years, in 2019, Defendants began submitting invoices to Plaintiff "that were questionable in nature." *Id*. ¶ 24. Plaintiffs asked Defendants to substantiate the amounts claimed with time sheets or other documentation, but Defendants refused to do so. *Id*. ¶¶ 25, 28, 31-33. Plaintiffs also discovered that Defendants were stealing parts from Plaintiffs' inventory and then billing Plaintiffs' customers for the stolen parts. *Id*. ¶ 30.

In February of 2019, Defendants began making false and derogatory statements about Plaintiffs to Plaintiffs' customers. *Id*. ¶ 34. Defendants also began soliciting business from Plaintiffs' customers and falsely representing that they were licensed industrial refrigeration contractors. *Id*. ¶¶ 36-37. Defendants also stole Plaintiffs' equipment and other trade secrets, and caused other disruptions to Plaintiffs' business by among other things, refusing to turn over a completed project to Plaintiffs' customer, Taylor Farms, as a means of extortion. *Id*. ¶¶ 38-60.

Plaintiffs' Complaint asserts the following claims: (1) theft and misappropriation of trade secrets in violation of 18 U.S.C. § 1836(b): (2) extortion; (3) conversion; (4) unfair business

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

2

practices; (5) fraud and deceit; (6) restitution for unjust enrichment; (7) intentional interference with prospective economic advantage; and (8) defamation. Plaintiffs later voluntarily dismissed all of the claims except the first claim for violation of section 1836. Dkt. No. 24.[2]

## II. STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a party to challenge the court's personal jurisdiction over a party. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If a court decides the motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts." *Id.* (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995)). In such cases, the inquiry is whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and any conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

A court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations. First, a long-arm statute must confer jurisdiction over a defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996)). California's long arm statute is coextensive with the limits of due process. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

Second, for a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair

---

[2] The state law claims remain pending in state court. *Id.*

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

3

play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945); *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) ("[T]he constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Under the minimum contacts test, jurisdiction can be either "general" or "specific." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117 (2014). "A court may exercise specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (citing *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)). "Alternatively, a defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contact with the forum." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984)).

### B. Motion to Transfer

A court may transfer an action to another district where the action might have been brought for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether to transfer an action pursuant to section 1404(a), the court considers the following factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Alul v. Am. Honda Motor Co., Inc.*, No. 16-04384 JST, 2016 WL

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

4

9116934 (N.D. Cal. Dec. 7, 2016) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

## III. DISCUSSION

### A. Motion to Dismiss For Lack of Personal Jurisdiction

Defendants seek dismissal for lack of personal jurisdiction. They represent that the business entities, J.C. Welding and Mrs. Shine, LLC are Arizona companies that maintain facilities in Yuma, Arizona, and not in California. Decl. of Juan D. Castillo ¶¶ 5, 7, 10-11. J.C. Welding also represents that all of its fabrication work is done in Arizona, its inventory is stored in Arizona, and none of its employees work out of California. *Id.* ¶¶ 12-14. Mrs. Shine, LLC represents that it owns real estate in Arizona which it leases to both J.C. Welding and Plaintiffs. *Id.* ¶ 5. Mrs. Shine, LLC is not in the welding or fabrication business. *Id.* ¶ 7. Defendants also represent that the individual Defendants reside and work in Yuma, Arizona. *Id.* ¶¶ 2-4. As such, none of the Defendants are domiciled within California.

#### i. Juan D. Castillo, Jose Castillo, Juan Castillo

The sole remaining claim for trade secret theft and misappropriation arises out of Defendants Juan D. Castillo, Jose Castillo and Juan Castillo's purposefully directed activities in California. Corey Cowan, the President of Degree Mechanical, Inc. and the Manager of Degree Mechanical, LLC, describes the alleged misappropriation in his declaration. Cowan Decl. ¶¶ 15-16. According to Cowan, Juan D. Castillo, Jose Castillo and Juan Castillo went onto Taylor Farms' property in Salinas, California and made drawings of Plaintiffs' trade secrets including but not limited to, chillers, a "compressor skid 250-18", nitrogen dry expansion tanks and a chiller reservoir. *Id.* ¶ 15. These Defendants also sold a sanitary structure design to a third party in San Juan Bautista, California. *Id.* ¶ 16. Therefore, these allegations support a finding of specific jurisdiction over these individuals. *See Ciena Corp. v. Jarrard*, 203 F.3d 312, 318 (4th Cir. 2000)

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

5

(non-resident sales executive's alleged theft of trade secrets during visits to forum state provided sufficient "contacts" for personal jurisdiction).

### ii. J.C. Welding

The alleged trade secret theft and misappropriation committed by Juan D. Castillo, Jose Castillo and Juan Castillo are attributable to their employer, Defendant J.C. Welding. Therefore, the Court may exercise specific jurisdiction over J.C. Welding. *See College-Source, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1078 (9th Cir. 2011) (alleged misappropriation committed by Chinese contractor employed by defendant was attributed to defendant for jurisdictional purposes).

### iii. Mrs. Shine, LLC

Plaintiffs rely on alter ego allegations to confer personal jurisdiction over Defendant Mrs. Shine, LLC. If a corporation is the alter ego of another corporation, courts may "pierce the corporate veil" jurisdictionally and attribute contacts of one corporation to the other. *Certified Bldg. Prods., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 531-32 (5th Cir. 2014). Two elements must be alleged to invoke the alter ego doctrine: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Neilson v. Union Bank of Cal.,* 290 F. Supp. 2d 1101, 1116 (C.D. Cal 2003) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526 (2000)). Here, Plaintiffs fail to plausibly allege both elements of alter ego liability.

#### a. Unity of Interest Factors

"The 'unity of interest' element requires 'a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former.'" *Gardner v. Starkist Co.*, No. 19-2561 WHO, 2019 WL 6698109, at *11 (N.D. Cal. Dec. 2, 2019) (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)). Courts generally consider the following factors to determine whether the unity of interest element is satisfied:

United States District Court
Northern District of California

> (1) the commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, (3) identical equitable ownership of the entities, (4) use of the same offices and employees, (5) use of one as a mere shell or conduit for the affairs of the other, (6) inadequate capitalization, (7) disregard of corporate formalities, (8) lack of segregation of corporate records, and (9) identical directors and officers.

*Id*. (quoting *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014). Although not every factor must be present, a plaintiff must show that one entity directs the "day-to-day operations" and that the "entities failed to observe their separate corporate formalities." *Ranza*, 793 F.3d at 1075.

Here, Defendants J.C. Welding and Mrs. Shine, LLC have family members in common. Defendant Juan Castillo formed J.C. Welding in 2008 and is its sole member. Decl. of Juan Daniel Castillo ¶¶ 5, 9. Juan Castillo's son, Defendant Juan Daniel Castillo, is the manager of J.C. Welding. *Id*. ¶ 1. Juan Daniel Castillo's brother, Defendant Jose Castillo, also works at J.C. Welding. *Id*. ¶ 8. Juan Castillo is also a member of Mrs. Shine, LLC. *Id*. ¶ 5. The only other member of Mrs. Shine, LLC is Virginia Castillo, the mother of Juan Daniel Castillo. *Id*. The only person who has ownership in both Mrs. Shine, LLC and J.C. Welding is Juan Castillo.

Although family ties may be indicative of an alter ego, Plaintiffs have not presented any facts to shown (1) commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, (3) identical equitable ownership of the entities, (4) use of one as a mere shell or conduit for the affairs of the other, (5) inadequate capitalization, (6) disregard of corporate formalities, (7) lack of segregation of corporate records, or (8) identical directors and officers. Plaintiffs offer only conclusory allegations, which are insufficient to support personal jurisdiction under an alter ego theory. *SEC v. Jammin Java Corp.*, No. 15-8921 SVW, 2016 WL 6595133, at *10 (C.D. Cal. July 18, 2016).

Other than Jose Castillo's common ownership, the only other potentially significant connection between J.C. Welding and Mrs. Shine, LLC for purposes of the alter ego doctrine is that Mrs. Shine, LLC leased office and industrial shop space to J.C. Welding (and Plaintiffs) in

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

7

Yuma, Arizona. Decl. of Juan Daniel Castillo ¶ 5. Mrs. Shine, LLC also allegedly evicted Plaintiffs from the facility because of Plaintiffs' billing disputes with J.C. Welding. Pls.' Opp'n at 13. These allegations are insufficient to shown that J.C. Welding directed the "day-to-day operations" of Mrs. Shine, LLC or that the two entities failed to observe their separate corporate formalities such that the Court may exercise personal jurisdiction over Mrs. Shine, LLC.

### b. Inequitable Result

"To establish inequity in the absence of alter ego liability, a plaintiff must plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 963 (N.D. Cal. 2015). Here, the Complaint makes no mention of the potential for an inequitable result, and Plaintiffs' opposition brief does not address this element at all.

Plaintiffs fail to make a prima facie showing of jurisdictional facts as to Defendant Mrs. Shine, LLC.

### iv. Virginia Castillo

Defendant Virginia Castillo does not own J.C. Welding and is not identified as one of the individuals who entered Taylor Farms' property in Salinas, California. *See* Cowan Decl. ¶ 15 ("Defendants Juan Castillo, Juan Daniel Castillo and Jose Castillo went onto the Taylor Farms property in Salinas, California . . . ."). According to Plaintiffs, however, Virginia Castillo is pictured on a website featuring J.C. Welding as a "family business." Cowan Decl. ¶ 19, Exh. C.

### a. Unity of Interest Factors

As discussed previously above, common ownership may be inferred from a close familial relationship. Even so, there are no other facts alleged to show that Virginia Castillo is the alter ego of J.C. Welding. Plaintiffs do not allege that Virginia Castillo and J.C. Welding commingled their funds; that either of them held themselves out as liable for the debts of the other; that Virginia Castillo uses J.C. Welding as a mere shell or conduit for her affairs; that J.C. Welding is undercapitalized or disregarded corporate formalities; or that J.C. Welding failed to keep

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER
8

segregated corporate records. Instead, Plaintiffs offers only conclusory allegations. Compl. ¶ 18 ("Plaintiffs, on information and belief, allege that Defendants have comingled assets, bank accounts, and sources of funding among both entities and among Defendants' personal bank accounts."). Nor do Plaintiffs allege that Virginia Castillo directed the "day-to-day operations" of J.C. Welding.

### b. Inequitable Result

The Complaint makes no mention of the potential for an inequitable result if Virginia Castillo is not treated as the alter ego of J.C. Welding. Plaintiffs' opposition brief also fails to address this element.

Plaintiffs fail to make a prima facie showing of jurisdictional facts as to Defendant Virginia Castillo.

### B. Motion to Transfer

Defendants move to transfer this action to the United States District Court for the District of Arizona—a district where the case could have been brought. After Defendants filed their motion, Plaintiffs voluntarily dismissed seven of their eight claims, leaving only the trade secret misappropriation claim. Now that the case has been significantly narrowed, the Court concludes that the pertinent convenience factors do not strongly favor transfer to the District Court of Arizona. Defendants will undoubtedly be inconvenienced by litigating here instead of Arizona. J.C. Welding operates in Yuma, Arizona. The individual defendants reside and work in Arizona. Nevertheless, California is Plaintiffs' chosen forum. Plaintiffs' evidence of the alleged trade secret misappropriation is in California. Cowan Decl. ¶ 15. In contrast, the witnesses and evidence identified by Defendants are relevant to claims that have been voluntarily dismissed. *See* Defs.' Motion at 23-24 (listing J.C. Welding employees at the Arizona facilities and other potential witnesses likely to have information about welding work performed, payment of invoices, location and sale of refrigeration equipment and Defendants' allegedly defamatory statements). Defendants do not identify witnesses and evidence in Arizona that are relevant

specifically to the claim for trade secret misappropriation. This district has a significant interest in the controversy because Plaintiffs allege that their trade secrets were stolen in California and marketed to customers in California. Pls.' Opp'n at 14. The remaining factors –ease of access to the evidence, familiarity of each forum with the applicable law and the relative court congestion and time of trial in each forum—are, at best, neutral. Defendants have not shown that the balance of convenience clearly favors transfer.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED as to Defendants Mrs. Shine, LLC and Virginia Castillo, and DENIED as to the remaining Defendants. The motion to transfer is DENIED without prejudice to renew the motion if Defendants are able to present more specific information regarding the identities and location of witnesses and other evidence relevant to the trade secret misappropriation claim. Plaintiffs' motion (Dkt. No. 25) and amended motion (Dkt. No. 26) for leave to submit the deposition testimony of Juan Daniel Castillo taken in November of 2019 is DENIED as untimely.

**IT IS SO ORDERED.**

Dated: January 31, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05133-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO TRANSFER

10