Thomas A. Evans (SBN 202841)
tom.evans@alston.com
Rodrigo E. Salas (SBN 194462)
rodrigo.salas@alston.com
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
Telephone:     415-243-1000
Facsimile:     415-243-1001

Attorneys for Defendants
J.C. WELDING, LLC, JUAN DANIEL CASTILLO, JOSE CASTILLO, and JUAN CASTILLO

Barbara E. Figari (SBN 251942)
barbara@figarilaw.com
**THE FIGARI LAW FIRM**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (626) 486-2620
Facsimile: (877) 459-3540

Christopher R. McElwain (SBN 289132)
chris@kmowland.com
**KNOWMAD LAW**
484 Washington St, B-313
Monterey, CA 93940

Attorneys for Plaintiffs
DEGREE MECHANICAL, INC. and DEGREE MECHANICAL, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEGREE MECHANICAL, INC., and DEGREE MECHANICAL, LLC<br><br>Plaintiffs,<br><br>v.<br><br>J.C. WELDING, LLC, et al<br><br>Defendants. | Case No. 5:19-cv-05133<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:          March 5, 2020<br>TIME:          10:00a.m.<br>LOCATION: Courtroom 4, 5th Floor<br>                    Hon. Edward J. Davila |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

LEGAL02/39623138v1

Pursuant to Fed. R. Civ. P. 26 and the Court's August 19, 2019 Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. # 11), plaintiffs DEGREE MECHANICAL, INC., and DEGREE MECHANICAL, LLC's ("Plaintiffs") and defendants J.C. WELDING, LLC, JUAN DANIEL CASTILLO, JOSE CASTILLO, and JUAN CASTILLO ("Defendants") by and through their respective counsel, hereby submit the following Joint Case Management Statement:

## I. JURISDICTION AND SERVICE

Plaintiffs filed this action against remaining Defendants J.C. Welding, LLC, Juan Castillo, Juan Daniel Castillo, and Jose Castillo, alleging violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836. All parties in this case have been served, and the Court has adjudicated that personal jurisdiction is appropriate over these defendants.

Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, Motion to Transfer, which was heard by the Court on January 31, 2020. During the pendency of that Motion, Plaintiffs dismissed, without prejudice, the second through eight causes of action of their Complaint, leaving the first cause of action for violation of 18 U.S.C. § 1836, as the only remaining cause of action herein. By its order dated January 31, 2020 (Dkt. # 31), the Court dismissed Plaintiffs' claims asserted against Mrs. Shine, LLC, and Virginia Castillo.

Plaintiffs maintain that jurisdiction is proper pursuant to 28 U.S.C. § 1331. Defendants reserve the right to challenge the Court's personal jurisdiction should circumstances change or as new information is discovered or disclosed.

## II. FACTS

The only remaining claim is Plaintiffs' first cause of action for Theft and Misappropriation of Trade Secrets in Violation of 18 U.S.C. § 1836.

### A. **Plaintiffs' position**

Plaintiffs maintain that Defendants have used, misused and misappropriated Plaintiffs' trade secrets for their own benefit and to the detriment of Plaintiffs.

Plaintiffs have alleged that Defendants engaged in theft of trade secrets in violation of 18 U.S.C. § 1836.  The theft of trade secrets occurred when Defendants went onto the property of Plaintiffs' customers – including property located in Salinas, California – and stole designs of Plaintiffs' proprietary equipment that was located on the customers' property in this this County. Defendant J.C. Welding's corporate representative has admitted to this theft.  (Deposition of Juan Daniel Castillo., 179:7-20 [admitting measurements taken off a chillers at Taylor Farms in Salinas]). Defendants have now posted pictures of this equipment on their website. (Castillo Depo., 142:12-22.).  Defendants have also marketed Plaintiffs' proprietary designs to third parties located in the cities of Salinas and San Juan Batista.

Plaintiffs claim damages and losses in excess of $1 million.

### B.     Defendants' position

Defendants maintain that their business relationship with Plaintiffs was mutually satisfactory for about two years.  After approximately two years, Plaintiffs began experiencing difficulties in meeting their financial obligations and, as a result, got behind in their rent and stopped paying JC Welding's invoices.  By the second quarter of 2019, the unpaid invoices totaled in excess of $ 271,650.00—meaning that Plaintiffs owed JC Welding that much money for work already performed and equipment and parts already delivered.  In response to JC Welding's demand for payment, Plaintiffs initiated this action and the parallel state actions in Arizona and Monterey County.

Defendants expressly deny that they have misappropriated any trade secrets or violated any laws.

### III.    LEGAL ISSUES

The parties believe that the primary legal disputes/issues arising from Plaintiffs' Complaint are:

1.     What specific trade secrets are alleged to have been misappropriated.

2.     The extent of Defendants' misappropriation of trade secrets.

3.     Whether the claimed trade secrets meet the legal definition of trade secret

    4.    Whether Plaintiffs have taken reasonable measures to keep their information/designs secret.

    5.    Whether the information claimed to be trade secret is readily ascertainable through other means.

    6.    Whether Plaintiffs are the legal owners of the trade secrets at issue in this case.

    7..    Whether Defendants are in possession of any trade secrets at issue in this case.

    8.    Whether Plaintiffs are entitled to damages as a result of the alleged misappropriation of trade secrets.

    9.    Whether Plaintiffs are entitled to costs, expenses and reasonable attorneys' fee.

### IV. MOTIONS

Prior to Defendants' formal appearance, Plaintiffs filed an *Ex Parte* Motion for Preliminary Injunction (Dk # 13 & 16), which the Court denied without prejudice on August 28, 2019 (Dk # 17).

Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, Motion to Transfer (Dk # 19-22), which the Court granted, in part, and denied that Motion, in part (Dk # 31).

Other than Motions for Summary Judgment, no other motions are currently anticipated by the parties.

### V. AMENDED PLEADINGS

At this point, the parties do not anticipate filing any amended pleadings. However, all parties reserve the right to seek leave of Court to file such amendments should the circumstances, continued investigation and discovery so warrant.

### VI. EVIDENCE PRESERVATION & RULE 26(f) CONFERENCE

Plaintiffs and Defendants both confirm that that their counsel have reviewed the

Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiffs and Defendants further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties further confirm that their counsel have meet and conferred pursuant to Fed. R. Civ. P. 26(f). Specifically, counsel held a telephonic conference, in compliance with Fed. R. Civ. P. 26(f), on February 14, 2020. The parties have agreed that a protective order should be entered in this matter and will submit a stipulated order consistent with the Northern District's model protective order.

## VII.  DISCLOSURES

The parties have meet and conferred pursuant to Fed. R. Civ. P. 26(f) and will exchange their Initial Disclosures in advance of the March 5, 2020 Conference with the Court. Specifically, the exchange of Initial Disclosures will occur on February 27, 2020.

## VIII.  DISCOVERY

To date, the parties have not propounded written discovery.

### A.  Plaintiffs' position

Plaintiffs intend to propound written discovery to ascertain the extent of Defendants' theft and misappropriation of trade secrets, including discovery related to Defendants' sale or attempted sale of the same. Plaintiffs will be taking the depositions of all individual defendants, as well as a corporate representative pursuant to Fed. R. of Civ. Pro. 30(b)(6), as well as depositions and discovery of third parties related to Defendants' theft and misappropriation of trade secrets.

### B.  Defendants' position

Defendants intend to propound specific discovery requests seeking to identify the specific information/designs that are alleged to be at issue in this case. Defendants also anticipate taking the deposition of Plaintiffs' corporate representative and the deposition of Plaintiffs' customers to whom proprietary information or product(s) have allegedly been sold.

**IX. CLASS ACTIONS**

Not applicable. This is not a class action.

**X. RELATED CASES**

The parties agree that there is at least one related case which concerns the same parties and/or arise out of the same or related underlying facts:

**The Monterey, California, Action**

On July 18, 2019, Corey Cowan, Degree Mechanical, LLC and Degree Mechanical, Inc., initiated a civil action against the same Defendants in Monterey Superior Court, styled *Corey Cowan et al v. Juan Castillo, et al* (Case No. 19 CV-002877). The operative complaint in the Monterey County action alleges eight causes of action, as follows: (1) theft and misappropriation of trade secrets, (2) defamation, (3) violation of business and professional code § 17200 et seq, (4) fraud and deceit, (5) conversion, (6) restitution of unjust enrichment, (7) intentional interference with prospective economic advantage, and (8) extortion. Both Plaintiffs and Defendants are represented by the same counsel of record in the Monterey County action as in this action.

On January 24, 2020, the trial court denied Defendants' Motion to Quash Service of Process and found that all Defendants were subject to specific personal jurisdiction in that action as well. The Court in the Monterey County action stayed the matter until March 24, pending this Court's ruling on Defendant's jurisdictional motion. The Court in the Monterey County case has set a case management conference for March 24 to discuss the status of the cases and to evaluate whether the stay should remain in place.

**Defendants' Position**

Defendants believe that there is yet another related case that involves the same parties and some of the same property at issue in this action.

**Plaintiffs' Position**

Plaintiffs note that the Yuma action is a landlord/tenant action which involves only the lease of real property in Yuma, Arizona, where non-party Mrs. Shine LLC was the

1 landlord, and that none of the trade secret claims, or other causes of action arising under
2 California law as alleged in the Monterey Superior Court action are or could be alleged in
3 Arizona state court.

**The Yuma, Arizona, Action**

On September 5, 2019, Degree Mechanical, LLC, filed a separate action in the Arizona Superior Court for the County of Yuma, against the same Defendants at issue here and additional family members, styled *Degree Mechanical, LLC v. J.C. Welding, LLC, et al* (Case No S14000CV201900593). The operative complaint in the Yuma County action alleges three causes of action, as follows: (1) breach of contract, (2) breach of covenant of quiet enjoyment and (3) trespass. The Defendants have filed counterclaims against Plaintiffs seeking recovery on the unpaid invoices described at Section II.B above. Plaintiffs and Defendants have retained other counsel to represent them in the Yuma action.

Discovery is ongoing in the Yuma action. The Yuma action is set for a November 9, 2020 jury trial.

## XI. RELIEF

As set forth in the Complaint, Plaintiffs seek damages for the alleged misappropriation of trade secrets, as well as attorney's fees, costs, and any other relief permissible under 18 U.S.C. § 1836.

Defendants do not believe that Plaintiffs are entitled to any damages, costs or attorneys' fees. Defendants reserve the right to seek attorneys' fees if they prevail in this matter.

## XII. SETTLEMENT AND ADR

Plaintiffs and Defendants, through their counsel of record, have met and conferred regarding potential ADR options in this case. The parties believe that this matter is suitable for mediation and/or settlement conference.

Plaintiffs are ready to participate in a settlement conference forthwith. Defendants do not believe they can engage in meaningful settlement negotiations until Plaintiffs (1)

identify the subject matter, form and location of the specific matters that they contend are trade secrets, (2) disclose how they contend each of the identified trade secrets were misappropriated, and (3) the basis for their damages calculation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF THE ISSUES

In light of Plaintiffs' January 9, 2020 Voluntary Dismissal of the state court claims (Dk # 24), the parties do not believe that a further narrowing of the issues is attainable.

## XVI. EXPEDITED TRIAL PROCEDURE

It is the parties' position that this case is not the type that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

Subject to the Court's availability, the parties propose the following schedule:

| Proposed Event | Proposed Dates |
| --- | --- |
| Designation of Experts | Friday, August 21, 2020 |
| Designation of Rebuttal Experts | Friday, September 11, 2020 |
| Fact Discovery Cutoff, including hearings on fact discovery motions | Friday, October 23, 2020 |
| Expert Discovery Cutoff, including hearings on expert discovery motions | Friday, November 5, 2020 |
| Last Day to File Dispositive Motions | Friday, December 4, 2020 (within 30 days of close of discovery; 35 days before hearing) |
| Last Day to Hear Dispositive Motions | Friday, January 8, 2021 |
| Pretrial Conference | Friday, January 22, 2021 |
| Trial | Friday, January 29, 2021 |

## XVIII. TRIAL

If a trial is necessary, the parties agree that a trial would require 7-10 days. Plaintiffs have demanded a jury trial. Defendants believe this matter is appropriate for a bench trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants, and each of them, filed Certificates of Interested Parties on February 14, 2020 (Dk 32). Other than the named parties, there is no such interest to report with respect to Plaintiffs DEGREE MECHANICAL, INC., and DEGREE MECHANICAL, LLC's or defendant J.C. WELDING, LLC.

## XX. PROFESSIONAL CONDUCT

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. MISC.

Counsel are not aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

Dated: February 24, 2020        **THE FIGARI LAW FIRM**

By: */s/ Barbara Figari*

Barbara Figari (SBN 251942)

Attorneys for Plaintiffs
DEGREE MECHANICAL, LLC and
DEGREE MECHANICAL, INC.

Dated: February 24, 2020        **ALSTON & BIRD LLP**

By: */s/ Rodrigo E. Salas*

Thomas A. Evans (SBN 202841)
Rodrigo E. Salas (SBN 194462)

Attorneys for Defendants
J.C. WELDING, LLC, JUAN DANIEL CASTILLO, JOSE CASTILLO, and JUAN CASTILLO

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Rodrigo E. Salas hereby attests that concurrence in the filing of this document has been obtained from all signatories above.

Dated: February 24, 2020　　　　　　　　　By: */s/ Rodrigo E. Salas*
　　　　　　　　　　　　　　　　　　　　　　Rodrigo E. Salas (SBN 194462)

- 1 -

LEGAL02/39623138v1

# CERTIFICATE OF SERVICE

I, Rodrigo E. Salas, certify and declare as follow:

1. I am over the age of 18 and not a party to this action.

2. My business address is 560 Mission St., Suite 2100, San Francisco, CA 94105.

3. On February 14, 2020, I caused a copy of the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** to be served upon the following counsel via the Court's CM/ECF system:

> Barbara E. Figari         Attorney for Plaintiffs
> The Figari Law Firm       Degree Mechanical, Inc. and
> One Sansome Street, Suite 3500   Degree Mechanical, LLC
> San Francisco, CA 94104
> barbara@figarilaw.com

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on February 24, 2020, at San Francisco, California.

> /s/  Rodrigo E. Salas
> *Attorneys for Defendants*
> *J.C. WELDING, LLC, JUAN DANIEL CASTILLO, JOSE CASTILLO, and JUAN CASTILLO*